a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL COOPER (#325027), Plaintiff | CIVIL ACTION NO. 1:17-CV-1205-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Michael Cooper (#391434) ("Cooper"). Cooper was granted leave to proceed *in forma pauperis*. (Doc. 20). Cooper is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Cooper complains that his constitutional rights were violated when he was incarcerated at Winn Correctional Center ("WCC"). Cooper names as defendants Secretary James LeBlanc and numerous WCC officials. Cooper seeks monetary damages and injunctive relief.

I.  Background

Cooper alleges he made a sick call in June 2016, due to dental pain. (Doc. 12-1, p. 6). Cooper made another sick call in September 2016, also due to dental pain, and he was placed on a list to see the dentist. (Doc. 12-2, p. 5). Cooper sought medical care again for dental pain in October 2016, and also complained that he was unable to use his CPAP machine because the cold air caused tooth pain. (Doc. 12-2, p. 6). Cooper was prescribed an antibiotic and analgesic. (Doc. 12-2, p. 6). Thereafter,

Cooper was treated by a dentist, who extracted a tooth. However, in December 2016, Cooper complained of pain in the area where the tooth was pulled. (Doc. 12-2 p. 8). Cooper was prescribed an analgesic and advised to comply with his HIV medications. (Doc. 12-2, p. 8).

Cooper alleges he filed administrative grievances related to his dental issues, but Defendant Heyse failed to properly process his grievances. Cooper also received a disciplinary conviction for malingering due to submitting "back to back sick calls." (Doc. 12-2, p. 27).

Next, Cooper complains that he was administered incorrect medication by a correctional officer in October 2016. The medication Cooper received was for an inmate named Michael Cormier. (Doc. 12-2, p. 20). Cooper's administrative grievance was rejected as untimely filed. (Doc. 12-2, p. 21).

Cooper complains that he was denied the use of his CPAP machine for 10 days while he was in disciplinary segregation at WCC. According to the response to Cooper's grievance, an extension cord was needed, and "all attempts were made" to secure Cooper's CPAP while he was in segregation. (Doc. 12-2, p. 18).

Cooper complains that he was not transferred from WCC to a facility that offers "good time programs," such as EHCC. (Doc. 12-1, p. 9). Cooper also complains that he was transferred from WCC to Jackson Parish Correctional Center ("JPCC") on October 5, 2017, allegedly in retaliation for filing sick calls and grievances against the WCC medical department. (Doc. 12-1, p. 9). Cooper alleges JPCC also lacked the

"good time programs." (Doc. 12-2, p. 9). Cooper complains that he would be entitled to an earlier release from custody had he been at EHCC. (Doc. 12-2, p. 9).

II. **Law and Analysis**

A. **Cooper's complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Cooper is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Cooper is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. **Cooper cannot show that he was denied adequate medical care.**

Cooper complains that he was denied dental care. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show

3

that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

According to his numerous complaints and exhibits, Cooper sought and received medical care for dental pain. Cooper was prescribed an antibiotic and analgesic while he waited to see the dentist. (Doc. 12-2, p. 6). Thereafter, the dentist extracted Cooper's tooth. (Doc. 12-2, p. 8). Defendants did not refuse to treat Cooper.

Cooper submitted additional inmate request forms in August 2017, which are unrelated to dental complaints. In one form, Cooper complains he was denied a "6 month checkup." (Doc. 28, p. 1). However, the response indicates that Cooper was scheduled for an appointment and failed to show. (Doc. 28, p. 1).

Cooper also submitted an inmate request form regarding the dosage of his blood pressure medications. (Doc. 28, p. 3). The response indicates that Cooper missed doses and was not taking the medication as directed. (Doc. 28, p. 3). Cooper clearly disagrees with the medical treatment provided and the dosage of medication prescribed. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Cooper's claim that he was administered medication for inmate Michael Cormier on one occasion in October 2016 is not indicative of deliberate indifference. (Doc. 12-2, p. 20). Cooper's complaint alleges negligence, which does not present a constitutional violation. See Gobert, 463 F.3d at 346 (even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference).

C. Cooper cannot recover monetary damages for the 10 days without his CPAP.

Cooper states he was diagnosed in 2009 with "obstructive sleep disorder." (Doc. 12-1, p. 5). Cooper was prescribed a CPAP machine, which he had access to at WCC. However, Cooper complains that he was denied the use of his CPAP machine for 10 days in 2016 while he was in disciplinary segregation. According to the response to Cooper's grievance, an extension cord was needed, and "all attempts were made" to secure Cooper's CPAP while he was in segregation. (Doc. 12-2, p. 18).

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover damages. See 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The "physical injury" required by section 1997e(e) "must be more than *de minimus* [sic], but need not be significant." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Cooper has alleged no physical injury suffered from 10 days without his CPAP machine. By his failure to allege any physical injury to support his request for monetary relief, Cooper has failed to state a claim for which relief can be granted. See Alfred v. Forcht Wade Correctional Ctr.,

5

107-cv-2098, 2009 WL 1362729, at *3 (W.D. La. May 14, 2009), aff'd, Alfred v. Forcht Wade Correctional Ctr., 354 Fed. Appx. 58 (5th Cir. 2009).

### D. Cooper cannot state a claim for the improper processing of administrative grievances.

Cooper alleges he filed administrative grievances related to his dental issues, but Defendant Heyse failed to properly process his grievances. An inmate has no constitutional right to a grievance procedure. Thus, an inmate has no due process liberty interest in having a grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005).

### E. Cooper is not entitled to a transfer, nor can he recover damages related to good time credits.

Cooper complains that he was not housed at a facility that offers "good time programs," such as EHCC. (Doc. 12-1, p. 9). Thus, Cooper complains, he was deprived of an earlier release date.

First, the Court notes that Cooper has since been transferred to EHCC, and he is still incarcerated at that facility. Regardless, a prisoner has no constitutionally protected interest in being housed at a particular facility. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Olim v. Wakinekona, 461 U.S. 238, 245 (1983)).

The lack of an opportunity to earn good-time credits does not constitute the violation of a constitutional right. See Reyna v. Johnson, 252 F.3d 434 (5th Cir. 2001) (citing Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000)); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (mere opportunity to earn good-time credits does not constitute a constitutionally cognizable liberty interest).

To the extent Cooper seeks an earlier release from custody, his claim must be raised pursuant to a petition for writ of habeas corpus. See Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987). Additionally, unless Cooper can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

F.  Cooper has not stated a claim for retaliation.

In his earlier filings, Cooper complains that he was not transferred from WCC to EHCC. Cooper later complains that he was transferred from WCC to JPCC in retaliation for filing sick calls and grievances at WCC. Ultimately, after being temporarily housed JPCC, Cooper was transferred to EHCC, as he requested.

Prison officials may not retaliate against prisoners for exercising their constitutional rights. See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. See

McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998). A prisoner must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996).

Cooper's transfer to the very facility he requested belies his claim that the transfer was based on a retaliatory motive. Cooper was only briefly housed at JPCC before he arrived at EHCC. (Docs. 11, 33). Moreover, Cooper does not allege that JPCC was a more dangerous facility than WCC. In fact, Cooper states that WCC and JPCC are both run by the same management group, and neither offer good time programs. Therefore, Cooper cannot show that his transfer was a retaliatory adverse act, nor can he establish causation. Cooper has not alleged more than his personal belief that he was the victim of retaliation. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Cooper's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

8

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __15th__ day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge